1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY WILLIAMS,                        Case No.  1:22-cv-00329-HBK (HC)

12                  Petitioner,               ORDER GRANTING RESPONDENT'S
                                              MOTION TO DISMISS [1]
13          v.
                                              (Doc. No. 10)
14   B.M. TRATE, Warden,
                                              ORDER DENYING PETITIONER'S MOTION
15                  Respondent.               FOR TEMPORARY RESTRAINING ORDER

16                                            (Doc. No. 1)

17

18

19          Petitioner Timothy Williams ("Petitioner"), a federal prisoner, initiated this action by

20   filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated in

21   Atwater Penitentiary, located in Merced County, California, which is within the venue and

22   jurisdiction of this Court.  (Doc. No. 1, "Petition").  The Petition raises one ground for relief:

23   Petitioner is actually innocent of his conviction under 18 U.S.C. § 924(c)(1)(A) for possession of

24   firearm based on the Supreme Court's holding in *Davis v. United States*, 139 S. Ct. 2319 (2019).

25   (Doc. No. 1 at 7).  The Petition also includes a Request for Temporary Restraining Order and

26   Injunctive Relief.  (*Id*. at 10-18).  Respondent filed a Motion to Dismiss the Petition on the basis

27   _____

28   [1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C.
     § 636(c)(1).  (Doc. No. 12).

1    that the Court lacked jurisdiction to review the § 2241 petition because the "escape hatch" of 28

2    U.S.C. § 2255 does not apply.  (Doc. No. 10, "Motion").  Respondent also stated its opposition to

3    Petitioner's request for a temporary restraining order in its Motion.  (*Id.*).  As of the date of this

4    order, Petitioner has not filed a response to the Motion, nor requested an extension of time to

5    respond, and the time for doing so has expired.  (*See* Doc. No. 5 at ¶ 4, advising Petitioner that he

6    has twenty-one (21) days to file a response if Respondent files a motion to dismiss).  For the

7    reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss and denies

8    Petitioner's motion for a temporary restraining order.

9                                **I.  BACKGROUND**

10             **A.  Procedural History**

11          Petitioner, a federal prisoner, is serving a 248-month sentence after a guilty plea for

12   conspiracy to possess with the intent to distribute five kilograms or more of cocaine in violation

13   of §§ 846 and 841(b)(1)(A) (Count 1), and possession of a firearm in furtherance of a drug

14   trafficking crime in violation of § 924(c), entered by the United States District Court for the

15   Middle District of Florida ("MDFL").  *See United States v. Williams*, 04-cr-367-JSM-MAP,

16   Crim. Doc. Nos. 13, 40, 46, 88, 96 (M.D. Fl.).[2]  Petitioner's conviction and sentence were

17   affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit on May

18   26, 2006.  *Id.* at Crim. Doc. No. 180; *United States v. Williams*, 181 Fed. App'x 945 (11th Cir.

19   2006).

20          On January 30, 2008, the MDFL denied Petitioner's motion to vacate his conviction and

21   sentence under 28 U.S.C. § 2255.  Crim. Doc. No. 222.  In 2013, Petitioner sought relief via a §

22   2255 motion based on the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99

23   (2013), which was denied by the MDFL as an improper second or successive motion filed

24   without prior authorization from the Eleventh Circuit.  *See Williams v. United States*, 8:13-cv-

25   02104-JSM-MAP, Crim. Doc. Nos. 1, 6.  On November 14, 2016, the MDFL denied Petitioner's

26   motion for reduction of his sentence based on 18 U.S.C. § 3582 and U.S.S.G. Amendment 782.

27   _____

28   [2] The undersigned cites to the record in Petitioner's underlying MDFL criminal case as "Crim. Doc. No. __.".

1    *See* 04-cr-367-JSM-MAP, Crim Doc. Nos. 241, 273.

2                  **II.  APPLICABLE LAW AND ANALYSIS**

3       **A.  § 2241 Petition**

4       Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner,

5 location, or conditions of a sentence's execution."  *Harrison v. Ollison*, 519 F.3d 952, 956 (9th

6 Cir. 2008).  Federal prisoners seeking to challenge the legality of their confinement must do so

7 through a § 2255 motion.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  In limited

8 circumstances, federal prisoners may challenge the legality of their confinement through a § 2241

9 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e).  *Id.*

10 at 1192.  This portal permits a federal prisoner to challenge the legality of confinement if he can

11 establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality

12 of his detention."  28 U.S.C. § 2255(e).  To demonstrate a remedy is "inadequate or ineffective" a

13 petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an

14 "unobstructed procedural shot at presenting that claim."  *Shepherd v. Unknown Party, Warden,*

15 *FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021).  A prisoner cannot circumvent the limitations

16 imposed on successive petitions by restyling his petition as one under § 2241.  *Stephens v.*

17 *Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)

18 (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by

19 bringing § 2255 claims in a § 2241 petition).

20       A factual claim of actual innocence requires a petitioner to "demonstrate that, in light of

21 all the evidence, it is more likely than not that no reasonable juror would have convicted him."

22 *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L.

23 Ed. 2d 828 (1998)).  Here, as noted by Respondent, Petitioner pled guilty to his conviction for

24 possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c).

25 Therefore, any claim of actual innocence is fully inconsistent with his plea of guilty, which is

26 entitled to a strong presumption of truth.  *See Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir.

27 2012) (finding that petitioner was not entitled to application of the § 2255 escape hatch where his

28 claim of actual innocence was contradicted by his guilty plea); *see also Blackledge v. Allison*, 431

1   U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a

2   formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court

3   carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir.

4   2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption

5   of veracity in subsequent proceedings attacking the plea.").

6       Moreover, Petitioner' reliance on *Davis v. United States*, 139 S. Ct. 2319 (2019), as

7   support for his contention that he is actually innocent of his conviction for possession of a firearm

8   in furtherance of a drug trafficking crime under § 924(c) because the "government failed to prove

9   Petitioner used the firearm by actively employing the gun during the drug trafficking crime" is

10  misplaced.  (Doc. No. 1 at 6).  Petitioner is correct that *Davis* held that the residual clause of 18

11  U.S.C. § 924(c)(3), which defines a "crime of violence" as any crime "that by its nature, involves

12  a substantial risk that physical force against the person or property of another maybe used in the

13  course of committing the offense," is unconstitutionally vague.  *See* Davis, 139 S. Ct. at 2336.

14  However, Petitioner's conviction was not based on § 924(c)(3), the residual clause addressed in

15  *Davis*.  Petitioner instead was convicted under § 924(c)(1)(A), which prohibits possession of a

16  firearm in furtherance of a federal drug trafficking offense.  Thus, as noted by Respondent, "the

17  *Davis* decision is not applicable to Petitioner's 924(c) Count 2 conviction predicated upon his

18  drug trafficking offense in Count 1, and accordingly, Petitioner is not actually innocent of the

19  924(c) offense."  (Doc. No. 10 at 3-4).

20      Further, Petitioner's reliance on *United States v. Brown*, 415 F. Supp. 3d 901 (N.D. Cal.

21  Nov. 8, 2019) is unavailing.  In *Brown*, the court found, because defendant Brown did not admit

22  to intending to distribute or possess with intent to distribute cocaine as part of his plea agreement,

23  defendant Brown's § 924(c) conviction and sentence "cannot stand in light of *Davis*" because the

24  conviction was predicated solely on defendant Brown's guilty plea to "a crime of violence, to wit,

25  the conspiracy to commit robbery."  415 F. Supp. 3d at 903 ("the parties concur that [defendant's]

26  § 924(c) conviction cannot stand, to the extent that the predicate felony was conspiracy to commit

27  robbery.").  In his underlying criminal case, Petitioner pled guilty to the predicate crime of

28  conspiracy to possess with the intent to distribute five kilograms or more of cocaine, and in direct

4

1   contrast to *Brown*, "[t]here was no ambiguity based on an alternative Hobbs Act predicate."

2   (Doc. No. 10 at 4).  For all of these reasons, Petitioner fails to make a claim of actual innocence

3   as required by the escape hatch provision of § 2255(e).

4          Petitioner additionally argues he has not had an unobstructed procedural shot to raise his

5   claim because "it wasn't until June 24, 2019 in *Davis* that the residual clause § 924(c)(3)(b) was

6   declared unconstitutionally vague." (Doc. No. 1 at 7).  However, because Petitioner has failed to

7   demonstrate he is actually innocent, the Court need not address the "unobstructed procedural

8   shot" prong of the escape hatch.  *See Wilson v. Thompson*, 2022 WL 815334, at *4 (E.D. Cal.

9   Mar. 17, 2022) *(*citing *Nichols v. Ciolli*, 2021 WL 3563092, at *3 (E.D. Cal. Aug. 12, 2021));

10  *Renderos v. Langford*, 2019 WL 1789879, at *4 (C.D. Cal. Apr. 24, 2019); *Nguyen v. Babcock*,

11  2012 WL 3756864, at *2 (E.D. Cal. Aug. 28, 2012) ("The court need not address whether

12  petitioner had an unobstructed procedural shot at pursuing his claim because, even assuming that

13  he did not, he has failed to show that he is actually innocent.").

14         Based on the foregoing, Petitioner has failed to satisfy the escape hatch criteria of § 2255,

15  and this court lacks jurisdiction over the § 2241 petition.  Because Petitioner has not been granted

16  leave by the Court of Appeals to file a successive § 2255 motion, it would be futile to transfer the

17  § 2241 petition to the MDFL for consideration as a § 2255 motion.

18         **B.  Temporary Restraining Order**

19         Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never

20  awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).  A federal

21  court may issue emergency injunctive relief only if it has personal jurisdiction over the parties

22  and subject matter jurisdiction over the lawsuit.  *See Murphy Bros., Inc. v. Michetti Pipe*

23  *Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "A plaintiff seeking a preliminary injunction must

24  establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

25  the absence of preliminary relief, that the balance of equities tips in his favor, and that an

26  injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting

27  *Winter*, 555 U.S. at 20).  "[P]laintiffs must establish that irreparable harm is likely, not just

28  possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*,

632 F.3d 1127, 1131 (9th Cir. 2011).  Moreover, "[b]ecause it is a threshold inquiry, when 'a

plaintiff has failed to show the likelihood of success on the merits, [courts] need not consider the

remaining three [*Winter* elements].'"  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.

2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944

(9th Cir. 2013)).

Here, Petitioner seeks immediate release from custody because the spread of Covid-19 at

USP Atwater presents "an imminate [sic] threat to the health and safety of Petitioner"; and it

"subjects Petitioner in violation of his [Eighth] Amendment right to be free of such punishment."

(Doc. No. 1 at 12).  Petitioner asserts he is likely to suffer irreparable harm if he is not

immediately released.  (*Id.* at 13-16).  Finally, Petitioner contends that his release will "prevent

further spread of the virus and allow social distancing in the publics [sic] interest."  (*Id.* at 14-16).

Respondent argues "Petitioner's nonspecific fear about contracting Covid-19 in his

incarceration facility does not implicate the fact or duration of Petitioner's confinement.  In other

words, success would neither result in Petitioner's release from custody nor the acceleration of his

release."  (Doc. No. 10 at 7).  Thus, Respondent contends that Petitioner's request for injunctive

relief is not cognizable as a federal habeas claim.  (*Id.* at 5).  The Court agrees.

"The habeas statute unambiguously provides that a federal court may issue a writ of

habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)

(per curiam) (quoting 28 U.S.C. § 2254(a)).  A claim is cognizable in federal habeas corpus when

a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate

release from that confinement or the shortening of its duration."  *Preiser v. Rodriguez*, 411 U.S.

475, 489 (1973).  In contrast, a civil rights action under § 1983 is the proper method for a prisoner

to challenge the conditions of confinement.  *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991);

*Preiser*, 411 U.S. at 499.

There is some disagreement within the Ninth Circuit as to whether claims that Covid-19

creates unconstitutional conditions of confinement are cognizable in habeas.  *Ballard v. Trate*,

2022 WL 1506265, at *2 (E. D. Cal. May 12, 2022)(collecting cases).  Nonetheless, to date, the

Supreme Court, while not foreclosing habeas relief for conditions of confinement claims, has refused to recognize it as a proper vehicle to obtain such relief. *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979) ("we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). The Court "agrees with the weight of authority in this Circuit and finds more persuasive the district court cases concluding that habeas jurisdiction is not available for prisoner COVID-19 conditions of confinement cases." *Ballard*, 2022 WL 1506265 at *2.

Based on the foregoing, Petitioner's request for release based on his fear of contracting Covid-19 at USP Atwater is not cognizable in federal habeas corpus petition. Because Petitioner has not shown that he is likely to succeed on the merits of his claim, the Court need not analyze the remaining *Winter* elements. *See Garcia*, 786 F.3d at 740.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 10) is GRANTED and the Petition is dismissed.

2. Petitioner's motion for a temporary restraining order (Doc. No. 1) is DENIED.

3. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:   January 25, 2023   

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE